## El Pueblo v. Román.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 33.—Resuelto en diciembre 14, 1903.

Pruebas—Nuevo Juicio.—La exclusión de prueba pertinente constituye un error de tal naturaleza que hace necesaria la revocación de la sentencia y la celebración de un nuevo juicio.

Violación—Fuerza y Violencia—Falta de Voluntad y Resistencia.—Son elementos esenciales del delito de violación la *fuerza* y la *violencia,* que emplee el agente, así como la *falta de voluntad* y la *resistencia* por parte de la mujer violada.

Id.—Pruebas—Carácter Moral de la Denunciante—Prostituta.—El carácter moral de la mujer violada no es elemento que hay que considerar en relación con el delito de violación, pues éste puede cometerse en una prostituta como en cualquier otra mujer.

Acusación—Cuestiones de Derecho.—Cuando no hay prueba suficiente para sostener el delito imputado en la acusación, surge una cuestión de derecho, de la que puede conocer el Tribunal Supremo por virtud de una apelación.(*)

Pruebas.—Los errores cometidos en la exclusión de pruebas o en la apreciación de la que se hubiere admitido, deben ser corregidos por el tribunal inferior al celebrar un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del tribunal.

Los recurrentes en esta causa, fueron procesados en unión de tres otros, por haber violado a dos mujeres en el camino entre Aguadilla y San Sebastián, en la madrugada del día 10 de mayo del presente año. Los testigos de cargo fueron las dos mujeres que se alegan haber sido violadas, y otra mujer que con ellas andaba por el camino, con un niño en sus brazos, y un muchacho, hijo de esta última mujer, que las acompañaba.

Sólo los recurrentes fueron declarados culpables en el juicio de la causa. Dichos recurrentes fueron juzgados por el Tribunal de Distrito de Mayagüez sin un jurado, y declarados culpables por mayoría de votos de los jueces de dicho tribunal, el día 11 de junio último. Los hechos consignados en los autos son los siguientes:

"Que en la madrugada del día 10 de mayo del corriente año, yendo las mujeres Secundina Loperena y Antonia Santiago, por la carretera que conduce del pueblo de San Sebastián al de Aguadilla, los acusados José y Tomás Román, mediante amenaza de grave e inmediato daño corporal con los machetes que portaban y empleando la fuerza y la violencia yacieron con dichas mujeres, conduciéndolas al interior de un cafetal inmediato al camino, saltándolas por encima de una cerca de alambre, después de lo cual se retiraron dejándolas marchar libremente."

Los recurrentes fueron sentenciados a la pena de ocho años de presidio, con trabajos forzados, y al pago de las costas. El Juez Erwin del tribunal de distrito disintió de la sentencia, votando a favor de la absolución de todos los acusados. Durante la celebración del juicio, un hombre que (*) había estado pastando su caballo cerca del camino, declaró: que en la madrugada de referencia, los dos hermanos José y Tomás Román habían pasado por su lado llevando de brazo a dos mujeres.

En nombre de los acusados, el abogado de los mismos, Don Pascasio Fajardo, suplicó al tribunal que hiciera comparecer a las mujeres ante el tribunal, para que fuesen reconocidas por dicho testigo, cuya súplica fué denegada, declarándose impertinente la prueba por el tribunal. Contra esta decisión del tribunal el abogado de los acusados opuso en debida forma una excepción. La prueba ciertamente era importante, porque el testigo declaró que dichas mujeres habían ido de brazo con los hombres, si no voluntariamente al menos sin ninguna resistencia, y, presumiblemente, sin pedir auxilio, puesto que no se ha hecho mención de tal circunstancia. Si dicho testigo hubiese podido identificar a las mujeres de quienes se alegaba que habían sido perjudicadas, como las mismas que vió andar tranquilamente con los acusados, esto habría hecho su declaración mucho más satisfactoria para el tribunal; y al mismo tiempo habría dado al Ministerio Fiscal una oportunidad para refutar dicha declaración. Si no hubiera podido identificarlas, la fuerza de su testimonio habría sido, por supuesto, muy debilitada. Ciertamente, la prueba era pertinente, y puesto que hubiera ayudado, de una manera importante, en la investigación de la verdad, debiera haberse admitido. Nosotros creemos que la exclusión de este testimonio era un error, que hace necesaria la anulación de esta sentencia.

Pero, además, considerando todos los hechos y circunstancias del caso, juntos, tales como constan en los autos presentados a este tribunal; leyendo las declaraciones de los testigos a favor y en contra, y dando a las declaraciones de los acusados, solamente el crédito que merecen, dudamos seriamente de que se haya cometido violación alguna en la referida ocasión. No se ha declarado nada con respecto a (*) amenazas, excepto que uno de los acusados dijo a las mujeres: ''ahí se concluyen sus destinos.'' No se hizo ninguna fuerza, excepto que cada uno de los hombres cogió a una de las mujeres por el brazo, y se fué con ella al cafetal adyacente, escalando

la cerca en el trayecto.   Falta completamente toda prueba
de otra violencia.   Alguno de los testigos ha dicho que las
mujeres fueron arrastradas por encima de la cerca; pero las
circunstancias no corroboran este aspecto del caso.   No se ha
demostrado, por  el testimonio de ningún testigo, resistencia
alguna de parte de las mujeres perjudicadas; y ellas no die-
ron ningún grito de alarma, ni cuando pasaron por el lado del
viajero que estaba pastando su caballo en la orilla del camino.

Los muy esenciales elementos de fuerza y violencia por
parte del violador, falta de voluntad y resistencia de la mujer
violada, que en semejantes casos constituyen el crimen de
violación, parecen faltar en esta ocasión.   No es necesario
hacer referencia al carácter de las mujeres, aunque hay prue-
bas incontestables de que eran prostitutas.   Es verdad que
la violación puede cometerse tanto contra una mujer de esta
clase, como contra cualquiera otra; pero esto no ocurre con
frecuencia; y el hecho de que una mujer carezca de modestia
y castidad, y pertenezca a aquella desgraciada clase que ha
abandonado completamente la senda de la virtud, hace menos
probable que sea necesaria la fuerza o violencia por parte
de un hombre que desee satisfacer sus apetitos carnales, y
parece ser más probable en casos como el presente, que el
hecho haya sido consumado con el permiso de la mujer, o por
una retribución pecuniaria.

En casos como el presente, este tribunal anteriormente
hubiese, con toda probabilidad, anulado la sentencia y ab-
suelto a los acusados; pero desde la adopción del Código de
Enjuiciamiento Criminal actualmente vigente, los poderes del
Tribunal Supremo en cuanto a este particular, parecen ser
más restringidos.   El artículo 345 de dicho código dice lo que
sigue:(*)

"Artículo 345. Cualquiera de las dos partes en un proceso cri-
minal, en persecución de un delito muy grave (*felony*) puede apelar
ante la Corte Suprema siempre que la apelación verse sobre una
cuestión de derecho, según queda prescrito en este capítulo."

Esto se ha tomado del Código Penal de California, en cuya sección 1235 se lee lo siguiente:

"Sección 1235. Cualquiera de las partes en un proceso criminal seguido mediante acusación e información, podrá apelar al Tribunal Supremo solamente por motivo de cuestiones legales, según lo prescrito en este capítulo."

Una comparación demostrará que el lenguaje es casi idéntico. Por supuesto, las decisiones pronunciadas por el Tribunal Supremo de California, con respecto a esta sección, merecen que se les dé gran importancia en la interpretación de esta ley. Se ha declarado que cuando no haya pruebas para sostener la acusación consignada en la 'información, se presenta una cuestión legal sobre la cual el Tribunal Supremo, en el ejercicio de su jurisdicción de apelación, es competente para resolver. *El Pueblo* v. *Smallman,* 55 Cal., 191; *El Pueblo* v. *Jones,* 31 Cal., 566.

Este parecer se ha sostenido en casos posteriores; en 112 Cal. en una causa en que el Ministerio Fiscal pidió con urgencia la confirmación, porque aunque se habían cometido errores, sin embargo, las pruebas eran de tal naturaleza que en todo caso sería necesario declarar culpable al recurrente, el Tribunal Supremo dice:

"El punto principal alegado por el Fiscal General es realmente: Que las pruebas contra el acusado eran tan abrumadoras que no era posible que su testimonio no corroborado, pudiera ser aceptado por el jurado, y que por lo tanto no se le había perjudicado. Pero este tribunal no tiene jurisdicción en causas criminales, excepto sobre cuestiones legales. La ley ha prescrito ciertas reglas para alegaciones, práctica y pruebas con arreglo a las cuales deben ser juzgadas las (*) personas acusadas de delitos. Este tribunal tiene jurisdicción de apelación para la corrección de errores en tales casos. Evidentemente la función de este tribunal en un recurso de esta clase, es determinar si el acusado ha sido juzgado conforme la ley lo prescribe. Si no lo ha sido no hay más que un camino para corregir el error, y es, conceder un nuevo juicio. Pero el acusado no tendría derecho a un

nuevo juicio a causa de ningún error que no haya perjudicado su causa. Esta regla prevalece tanto en asunto civiles como en causas criminales. Pero este tribunal no puede decir que un acusado no haya sido perjudicado, porque a pesar del error, él de todos modos debería haber sido declarado culpable por ser las pruebas muy convincentes. Nosotros no podemos fijarnos en las pruebas, excepto con el fin de considerar algunas cuestiones legales que pueden promoverse con respecto a las mismas. Nosotros podemos solamente considerar a las personas culpables o inocentes conforme al veredicto de un jurado en un juicio celebrado con arreglo a la ley. Si un apelante ha sido injustamente privado de pruebas, o si se le ha exigido hacer una defensa más vigorosa de lo que la ley exige, entonces ha sido perjudicado." *El Pueblo* v. *Marshal,* 112 Cal., 425.

Bajo este punto de vista de la ley, el remedio que ha de darse por este tribunal debe limitarse a conceder un nuevo juicio, dejando al tribunal inferior el corregir los errores cometidos por la exclusión de pruebas, o en el efecto dado a las que fueron admitidas.

Por lo tanto, después de haber considerado el asunto con atención y dado a cada hecho y circunstancia el valor que le corresponde, somos de la opinión de que debe anularse la sentencia dictada por el Tribunal de Distrito de Mayagüez, y devolverse la causa para la celebración de un nuevo juicio, o para otra disposición de la misma, que le parezca justa a dicho tribunal.

*Nuevo juicio.*

Jueces concurrentes, Sres. Presidente Quiñones y Asociados Hernández y Sulzbacher.

El Juez Asociado Sr. Figueras no formó tribunal en la vista de este caso.(*)