## Ex Parte González.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 96.  Resuelto en diciembre 5, 1905.

HABEAS CORPUS.—APELACIÓN.—FUNCIONARIOS DE FACTO.—Si en el juicio de una causa criminal hubiera actuado como secretario una persona que no tuviera el carácter de un funcionario *de jure*, por no estar su nombramiento autorizado por la ley, tal secretario tendría, no obstante, el carácter de un funcionario *de facto*, y sus actos como tal, no podrían ser impugnados en un procedimiento colateral como el de apelación, ni esa circunstancia envolvería la nulidad del procedimiento, ó de la sentencia que se hubiere dictado.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

El peticionario en la presente causa fué acusado, juzgado y declarado culpable del delito de agresión grave en la Corte Municipal de Ponce, y fué condenado á la pena de un año de prisión en la cárcel de aquella ciudad, en la que fué detenido el día 1o de agosto de 1905. El mismo día hizo una solicitud para el auto de *habeas corpus* al Hon. José Tous Soto, Juez de la Corte de Distrito de Ponce, fundando la citada petición en que el auto de prisión demostró que la sentencia era ilegal, porque la persona que desempeñó el cargo de secretario de la corte durante el juicio y que administró el juramento de los testigos que declararon, no era el secretario de la corte, ni oficial empleado en dicha Corte Municipal. Como autoridad hace referencia á las secciones 469 y 483, párrafo 3, del Código de Enjuiciamiento Criminal.

El peticionario fué presentado ante el juez bajo el procedimiento de *habeas corpus,* y después de haber sido debidamentete considerada su causa fué devuelto á la custodia del alcaide de la cárcel; después de esto inmediatamente interpuso recurso de apelación para ante esta corte, y prestó una fianza en la suma de doscientos dollars.

El recurso de apelación fué presentado en este Tribunal el día 11 del próximo pasado mes de noviembre, habiéndose celebrado la vista el día 28 del mismo mes. La primera de las secciones á que se hace referencia dice meramente que una persona detenida ilegalmente puede solicitar un auto de *habeas corpus.* La segunda sección ó sea la 483, párrafo 3, manda que el preso sea excarcelado "cuando el mandamiento es defectuoso en algún requisito fundamental de los que la ley exige, produciendo por este hecho la nulidad."

Aparece de un certificado expedido por Felipe Casalduc,

el Juez Municipal que conoció del asunto, que durante la ausencia del secretario de la corte, un tal Natalio González fué nombrado secretario interino, y que éste desempeñó los deberes de aquel funcionario durante el juicio de la causa del peticionario. No es necesario resolver si este procedimiento del Juez Municipal fué ó no irregular. Lo cierto es que no produjo la nulidad de los procedimientos del juicio y la consiguiente convicción del acusado. Si Natalio González no fué un oficial *de jure* lo fué *de facto*, y como tal, lo que hizo en el desempeño de su deber no puede ser investigado en un procedimiento indirecto. Véase el dictamen de este Tribunal en la causa de Antonio Rivera et al., la que fué confirmada el día 21 de noviembre de 1905, y la causa de Hobert S. Bird, á la cual se hace referencia en dicho dictamen.

En vista de que son suficientes y no nulos el mandamiento y la sentencia, de acuerdo con los que fué encarcelado el peticionario, la sentencia dictada por el juez municipal, devolviendo el preso á la cárcel, debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.