CASOS RESUELTOS

POR LA

# CORTE SUPREMA DE PUERTO RICO

Julio Rivera, demandante y apelado, *v.* Harold S. Graham, demandado y apelante.

No. 3263.—*Visto:* Junio 3, 1924. *Resuelto:* Marzo 3, 1925.

1. Automóviles—''Rule of the Road''.—No existe nada en la ley de carreteras ni en la de automóviles que exija que un automóvil se mantenga bastante a la izquierda al pasar cerca de otro carro; por el contrario, se requiere que un automóvil vaya tan distante como posible fuera a la derecha sin que cause colisión.

2. Negligencia—Negligencia Contributoria—Persona Lesionada—Peligro.— Una persona que se sienta sobre la plataforma de un *truck*, que va en marcha, con los pies colgando por el lado de dicho vehículo asume voluntariamente una posición de peligro.

3. Negligencia—Causa Próxima del Daño—Consecuencias.—Una persona es sólo responsable de las consecuencias naturales y probables de su acto negligente.

4. Negligencia—Causa Próxima del Daño—Consecuencias.—El que guía un carro y pasa a un *truck* que viaja en la misma dirección, no es responsable de los daños causados a una persona que viaja sobre un lado de dicho *truck* y quien, por temor a una colisión, repentinamente retira hacia atrás sus piernas y las lleva a la rueda dentada del *truck*.

5. Negligencia—Causa Próxima del Daño—Consecuencias—Accidente Inevitable.—Con vista de la causa próxima del accidente a que se contrae el caso de autos, *se resolvió:* que el mismo fué un accidente desgraciado.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, condenando al demandado a pagar daños y costas. *Revocada y Desestimada la Demanda.*

*Salvador Suau, R. Castro Fernández y Fernando B. Fornaris,* abogados del apelante; *G. de la Haba y Miguel García González,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El demandante, que es un carpintero, viajaba con otros trabajadores en un *truck* Ford. Alega la demanda que el demandante iba sentado sobre la plataforma del *truck* hacia

1

la parte trasera de modo que sus piernas, de las rodillas para abajo, colgaban por el lado de dicho vehículo; que este *truck* iba hacia San Juan a una velocidad moderada por el paseo llamado ·de Covadonga, cuando, según la demanda, al llegar cerca de la. Parada 1, el automóvil del demandado que viajaba en la misma dirección que el *truck,* intentó pasarle sin reducir su exajerada velocidad y sin dar señal o aviso de ninguna clase; que el demandado que guiaba personalmente su automóvil salió rápidamente de detrás del *truck* hacia la izquierda y, como se ha alegado, tan despreocupado de su propia seguridad y de la de los que viajaban en el *truck,* pasó tan cerca su carro por el lado izquierdo del *truck* que ,dió un fuerte golpe en las piernas al demandante con el ta- ·palodo trasero derecho; que debido a este golpe las piernas ,del demandante fueron obligadas hacia atrás y como conse- ·cuencia la cadena que movía las ruedas traseras del *truck* agarraron el pie derecho del demandante pillándoselo entre ella y la estrella dentada que movía la cadena. La demanda alegaba daños y los consiguientes perjuicios y la corte dictó sentencia a favor del demandante.

[1] La teoría pues de la demanda era que las piernas del demandante fueron obligadas hacia atrás sobre la cadena dentada debido a un choque con el automóvil del demandado. Los testigos del demandante también declararon eso. No se imputó ninguna otra negligencia procesable al demandado ni otra se trató de demostrar. Se ha sugerido que el demandado infringió cierto deber al llevar su automóvil tan cerca del *truck.* No existe nada en la ley de carreteras ni en la de automóviles que exija que un automóvil se mantenga bastante a la izquierda al pasar cerca de otro carro. Por el contrario, se requiere que un automóvil vaya tan distante como posible a la derecha de modo que permita que puedan pasa los demás automóviles que vienen en dirección contraria. No hay nada dentro de la condición de la ley que obligue a un automóvil que está pasando a que deje más espacio

del necesario a fin de evitar un choque con el carro que va delante.

[2] El demandante había asumido voluntariamente una posición de algún peligro, pero no existe prueba alguna tendente a acreditar que el demandado conoció el peligro del demandante o que tuvo algún motivo para prever que las piernas de dicho demandante estuvieran en esta condición de peligro.

Los hechos físicos desarrollados en el juicio nos convencen de que el accidente no pudo haber ocurrido en la forma relatada por los testigos del demandante. Uno de estos mismos testigos manifestó que a él le parecía imposible que el carro hubiera pasado por donde iba el *truck* y agolpeara las piernas del demandante sin haberse puesto en contacto con alguna parte de dicho *truck*. Tan cierto es ésto que a nosotros nos parece imposible en vista de todas las circunstancias que las piernas del demandante en realidad fueran cogidas. Si fué un golpe directo echando hacia atrás ambas piernas, apenas si pudo dejar de alcanzar el *truck*.

La prueba nos convence de que el demandante al darse cuenta de la aproximación del vehículo del demandado voluntaria o involuntariamente retiró sus piernas para evitar cualquier posible contacto. Las declaraciones de los testigos excluyen cualquier otra hipótesis razonable. La prueba en cuanto a la forma en que ocurrió el accidente está lejos de ser satisfactoria. El demandante mismo apenas si supo lo que sucedió según su propia manifestación. Los demás testigos no están en condiciones de haber declarado tan categóricamente respecto al contacto entre las piernas del demante y el guardalodo trasero del carro del demandado. El demandado mismo declaró que no tenía conocimiento alguno de ningún accidente.

El infrascrito, además, con ciertas dudas en la corte, cree que otros hechos hicieron imposible el accidente como se describe en la demanda. En o delante del tapalodo que se alegó

causó el golpe se encontraron gotas de sangre. Si el tapalodo trasero golpeó las piernas del demandante obligándolas hacia atrás, entonces al echarlas hacia delante la sangre hubiera caído en la parte trasera del alegado tapalodo que ocasionó el golpe. El demandante reconoce, según parece, este hecho físico y contestando a esto sostiene que el golpe dió lugar a que saltara la sangre y llegara a los sitios donde se encontró. Dentro de cualquier velocidad normal al pasar cerca de otro automóvil y especialmente la velocidad exagerada que ha sido alegada, a la plataforma del vehículo no pudo haber llegado la sangre que de tal modo se supone corrió.

Suponiendo que el demandado marchaba rápidamente, la ordinaria prudencia por su misma seguridad exigiría que dejara un espacio amplio al pasar por el lado de otro vehículo. La alegada rápida marcha sólo produjo el accidente en causar temor al demandante y obligarle a retirar sus piernas rápidamente, pero creemos que ningún demandado está obligado a reducir su velocidad en previsión de que pueda darse el caso de que una persona que está sentada en un lado de un *truck* con sus piernas colgando las retire repentinamente y encuentre de este modo una rueda de su mismo vehículo que le cause un daño.

[3] Aún asumiendo que el demandado pasó al *truck* en una forma negligente él no pudo haber previsto que el hecho de pasar tan cerca hubiera causado el daño resultante. Era la rueda dentada la que, según parece, fué la causa eficiente del accidente y nadie generalmente tendría conocimiento de la existencia de tal rueda. El daño no fué la causa natural y probable del accidente. La ley se resume en el caso de *Armour & Co.* v. *Harcrow,* 217 Fed. 227, a saber:

"Un daño que es la causa natural y probable de un acto de negligencia es procesable, y tal acto es la causa próxima de dicho daño. Pero un daño que no pudo haber sido previsto ni razonablemente anticipado como resultado probable de un acto de negligencia no es

procesable, y tal acto o es la causa remota, o no es causa alguna del daño. La consecuencia natural de un acto es la consecuencia que ordinariamente sigue al mismo, el resultado que puede ser razonablemente anticipado de dicho acto. Una consecuencia probable es la que hay más probabilidad de que siga a la supuesta causa que no que no la siga.'' (Se citan casos.)

Cualquier tentativa para imputar conocimiento al demandado del peligro del demandante haría que el demandante tuviera igual conocimiento de tal peligro. Un carro que pasa cerca o hasta da un aviso tendería a hacer que una persona que está sentada al lado de un *truck* retire sus piernas. Si era el deber del demandado tener conocimiento y evitar, el demandante igualmente tenía dicho deber.

[4, 5] La causa próxima de este accidente fué la combinación de sucesos consistentes en la posición del demandante y la existencia de la rueda peligrosa. El resultado total fué un accidente desgraciado.

*Debe revocarse la sentencia apelada y desestimarse la demanda.*

El Juez Presidente Señor del Toro y el Juez Asociado Señor Hutchison, disintieron.