EL PUEBLO DE PUERTO RICO, demandante y apelado v. ISIDRO
ARZOLA, acusado y apelante.

No. 2777.—*Visto:* Junio 15, 1926. *Resuelto:* Julio 13, 1926.

FISCALES DE DISTRITO *(District and Prosecuting Attorneys)*—"ASSISTANT" FIS-
CAL DE DISTRITO—FACULTADES—PRESENTACIÓN DE ACUSACIONES BAJO SU
FIRMA.—El *assistant* fiscal—cargo creado por la sección 5 de la Ley No.
106 de 1925 (p. 970)—tiene poder y autoridad para formular, suscribir y
presentar una acusación con su propia firma.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al
acusado por delito de portar armas prohibidas. *Confirmada.*
*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

El acusado en este caso fué sentenciado por el delito de
portar armas y alega en apelación que un assistant fiscal
no tiene poder ni autoridad para formular, suscribir y pre-
sentar una acusación con su propia firma, sin usar el nom-
bre del fiscal del distrito. La única autoridad citada en
apoyo de esta teoría es 22 R.C.L. 372 y 373 y *Gibbons* v.
*Picket,* 31 Fla. 147, al efecto de que en algunas jurisdiccio-
nes un *assistant* debe firmar y actuar a nombre de su prin-
cipal.

Por otra parte, el Fiscal de esta corte confía en la ju-
risprudencia sentada por los casos de *El Pueblo de P. R.*
v. *Rivera,* 9 D.P.R. 439 y *Ex parte González,* 9 D.P.R. 464,
que resuelven que la cuestión del carácter oficial y *status*
de un fiscal *de facto* no puede ser levantada por un acusado
al apelar de una sentencia condenatoria en un caso criminal.

En el volumen 5 de Corpus Juris, página 1327, después
de definirse la palabra *"assistant"* se dice que "la palabra
es susceptible de una variedad considerable de significados,
que debe aclararse en cada caso con la ayuda del contenido,
de las circunstancias y de otros medios de interpretación.

Entre otros ejemplares interesantes de la dificultad en-
vuelta en todo esfuerzo de formular una definición exacta

suficientemente amplia para incluir y aplicarse en todos los casos, independientemente de las reglas de interpretación estatutoria, hemos examinado los casos de *Naill* v. *State,* 59 Tex. Cr. 484, 487; *Freeman* v. *Barum,* 131 Cal. 386, 390, y *Murrey* v. *State,* 48 Tex. Cr. 219, 220, todos los cuales están citados al pie del volumen y página arriba mencionados.

Los artículos 5 y 6 de la ley titulada "Ley para abolir la Corte del Distrito Judicial de Ponce en la forma en que existe en la actualidad; crear una nueva Corte de Distrito del Distrito Judicial de Ponce, y para otros fines," Leyes de 1925, página 970, dicen así:

"Sección 5:—Dicha corte tendrá un fiscal, un assistant fiscal, un secretario y un márshal, los cuales serán nombrados por el Gobernador con el consejo y consentimiento del Senado, por un período de cuatro años y hasta que sus sucesores hayan sido debidamente nombrados y cualificados.

"Sección 6:—Los sub-secretarios y sub-márshals serán nombrados por el secretario y el márshal, respectivamente, con aprobación del Attorney General, y los taquígrafos y demás empleados de la corte serán nombrados por los jueces de la misma."

Según la redacción del artículo 5 el assistant fiscal es un funcionario y una parte integrante de la corte tan clara y tan específicamente como lo son el secretario, el márshal y el mismo fiscal. Cuando la Legislatura tuvo en mente nombrar subalternos (*deputies*) usó la palabra "*deputy*" como la forma clara y corriente de indicar tal intención. Los subsecretarios y los sub-márshals mencionados en la sección 6 deben ser nombrados por el secretario y el márshal, respectivamente, con la aprobación del Attorney General, pero no por tiempo definido. Por otra parte, el *assistant* fiscal es nombrado por el Gobernador por un período de cuatro años, y al menos en este extremo se le coloca en el mismo nivel que el secretario, márshal y fiscal. Sin embargo, los taquígrafos y demás empleados de la corte son nombrados por los jueces de la misma. Se hizo amplia

disposición para cualesquiera empleados de oficina que el fiscal pudiere necesitar.

Bajo estas circunstancias estamos obligados a resolver que la Legislatura no tuvo en mente nombrar un *assistant* fiscal en el sentido de un mero escribiente, subalterno (*deputy*) o ayudante de oficina, sino que su intención fué crear un nuevo cargo, el ocupante del cual es un funcionario público sujeto únicamente a la supervisión y control del fiscal y con todos los poderes y deberes de un fiscal en la preparación, persecución y dirección de los casos confiádosle por su superior.

Las otras cuestiones levantadas en el alegato del apelante no requieren seria consideración.

La sentencia apelada *debe ser confirmada.*