EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GREGORIO SANTIAGO CRUZ, acusado y apelante.

No. 2992.—*Visto:* Enero 21, 1927. *Resuelto:* Abril 26, 1927.

1. "INDICTMENT" Y ACUSACIÓN—MOCIONES PARA ELIMINAR *(to Quash),* PARA DESESTIMAR Y EXCEPCIÓN PERENTORIA—MOCIÓN PARA DESESTIMAR LA ACUSACIÓN—TIEMPO PARA PRESENTARLA.—La cuestión relativa a que una acusación

fundada esté firmada por un fiscal auxiliar como fiscal de un distrito judicial y no como tal fiscal auxiliar, es una que, afectando a la forma de la acusación, debe levantarse mediante moción antes del juicio.

2. FISCALES DE DISTRITO *(District and Prosecuting Attorneys)*—ASSISTANT FISCAL DE DISTRITO—FACULTADES—PRESENTACIÓN DE ACUSACIÓN BAJO SU PROPIA FIRMA.—*Atendido el objeto de la firma del fiscal en la acusación—dar veracidad a la existencia de una acusación fundada por el gran jurado—un fiscal auxiliar podría certificar una acusación fundada, especialmente cuando de la faz de la acusación no aparece nada que demuestre quién presentó la prueba al gran jurado.*

3. DERECHO PENAL—EVIDENCIA—ADMISIONES, DECLARACIONES Y REFERENCIA *(Hearsay)*—ADMISIONES HECHAS POR EL ACUSADO—ADMISIBILIDAD EN GENERAL.—*Objetada la admisión de ciertas admisiones hechas por el acusado por haberse permitido mencionar otros incidentes que envolvían delitos distintos al que se ventilaba, tal admisión no es errónea cuando la prueba demuestra que si bien las admisiones del acusado no constituían parte del res gestae, eran la continuación de un relato tendente a traer a luz cuanto el acusado había dicho al tiempo de hacerlas.*

4. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—CORROBORACIÓN DE LA DECLARACIÓN DE LA OFENDIDA—ADMISIONES DEL ACUSADO COMO TAL CORROBORACIÓN.—*Las admisiones hechas por un acusado respecto a su participación en la comisión del delito son por sí mismas una corroboración de la declaración de la perjudicada.*

5. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—SEÑALAMIENTO DE ERRORES Y ALEGATOS—DE LOS ALEGATOS—ESPECIFICACIÓN DE ERRORES—ERRORES AL INSTRUIRSE AL JURADO—ESPECIFICACIÓN DE LOS DEFECTOS EN LAS INSTRUCCIONES DADAS.—*La corte no revocará por supuestos errores cometidos al instruirse al jurado cuando el acusado, al oponerse a las instrucciones, no indica específicamente sus defectos ni demuestra que se cometiera error o perjuicio.*

SENTENCIA de *Roberto H. Todd, Jr., J.* (Ponce), condenando al acusado por delito de violación, con costas. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 22 de mayo de 1926 Gregorio Santiago Cruz fué convicto del delito de violación en la Corte de Distrito de Ponce y sentenciado a sufrir ocho años de presidio. El primer error señalado por el apelante es frívolo, fué renunciado y carece de fundamento.

[1] El gran jurado declaró la acusación fundada. El apelante se queja de que ésta fuera firmada por Pedro Rodrí-

guez Serra como fiscal del distrito judicial de Ponce, cuando en realidad de verdad Rodríguez Serra no era el fiscal de dicha corte sino el fiscal auxiliar; y que como tal fiscal auxiliar no tenía derecho a presentar una acusación al gran jurado o a suscribirla.

El apelante trata de distinguir este caso del de *El Pueblo* v. *Arzola,* 35 D.P.R. 733, en vista de que en dicho caso la objeción fué hecha por primera vez en esta corte.

Como este supuesto error hubiese sido uno de forma y no de fondo (*El Pueblo* v. *Brau,* 27 D.P.R. 779, y *El Pueblo* v. *París,* 25 D.P.R. 111, y citas), debió levantarse mediante moción presentada antes del juicio. *El Pueblo* v. *París, supra.* En el presente caso se había tomado juramento al jurado antes de hacerse la objeción. Como funcionario de la corte, el abogado de la defensa no debe hacer que el gobierno incurra en gastos de citar los señores del jurado y los testigos por una mera cuestión de forma, sino que debe levantarse tal cuestión antes del juicio.

[2] El caso de *El Pueblo* v. *Arzola, supra,* no fué resuelto solamente por el fundamento de que la cuestión fué levantada demasiado tarde. Dicha opinión resuelve completamente la contención del apelante y no es necesario repetir su razonamiento íntegramente.

La objeción allí levantada en parte fué que Pedro Rodríguez Serra no tenía autoridad para presentar una acusación al gran jurado o para firmarla. De la faz de la acusación no aparecía nada que demostrara quién presentó la prueba al gran jurado. Pudo ser el fiscal mismo.

El objeto de la firma del fiscal en la acusación es dar veracidad a la existencia de una acusación fundada. Tenemos ideas de que la corte puede valerse de otros medios para averiguar si una acusación ha sido hallada fundada y de que, aún si un fiscal auxiliar fuese reducido a la categoría en que lo coloca el apelante, podría certificar una acusación fundada.

Además, nos inclinamos a creer que el archivo por el

secretario de una acusación fundada era prueba *prima facie* de su existencia y que el apelante, al tener algún derecho, debio alegar en alguna forma que no existía tal acusación fundada.

[3] El acusado hizo admisiones de su participación en la comisión del delito, al padre de la perjudicada y a un policía. El apelante se queja de la admisión de esta prueba, principalmente por el fundamento de haberse permitido a los testigos mencionar otros incidentes que quizá envolvían delitos distintos al que se ventilaba.   Sin embargo, la prueba demostró que si bien las admisiones del acusado prácticamente no constituían parte del *res gestae,* eran, no obstante, la continuación de un relato tendente a traer a la luz cuanto el acusado había dicho al tiempo de hacer tales admisiones.   Esto resuelve el segundo y tercer señalamiento de error.

[4] Estas admisiones eran por sí mismas una corroboración de la declaración de la perjudicada y no podemos convenir con el apelante en que la declaración de ella no fué corroborada.   La corte, en efecto, dijo al jurado que no era necesario que la declaración de la perjudicada fuera corroborada en su totalidad, pero que era suficiente si se presentaba un detalle que relacionara suficientemente al acusado con el delito imputádole.   Además, el acusado al oponerse a las instrucciones al jurado no indicó específicamente a la corte sus defectos.   La verdadera actitud de la defensa durante el juicio no es obtener un nuevo juicio fundado en los supuestos errores, sino obtener la absolución haciendo que la corte indique al jurado el aspecto legal del caso.   Esto no se hace oponiéndose generalmente a una instrucción sobre la necesidad de corroboración.   No hallamos que se haya cometido error ni perjuicio.

[5] En su quinto señalamiento de error el apelante se queja de que la corte se negara, de acuerdo con el art. 162 de la Ley de Evidencia, a instruir al jurado como sigue: ". . . El testimonio de un cómplice deberá mirarse con desconfianza,

y la evidencia que resulte de la admisión oral de una de las partes, con cautela. . .'' No hallamos que la súplica escrita de la defensa esté copiada en los autos. Sin embargo, aparece suficientemente que el abogado defensor solicitó de la corte que instruyera al jurado que las admisiones del acusado fueron miradas con sospecha. La Ley de Evidencia, *supra,* no dice tal cosa, y según los hechos que presenta este caso, no hallamos que se haya cometido perjuicio alguno por haber dejado la corte de instruir al jurado que las admisiones orales de una de las partes deben ser miradas con cautela. Los abogados deben ser específicos o deben demostrar que ha habido perjuicio cuando desean que esta corte revoque un caso por haberse cometido supuestos errores al instruir al jurado.

Hubo prueba directa y circunstancial para demostrar que el acusado usó fuerza contra la perjudicada, o que la amenazó. Esto resuelve el sexto señalamiento.

Se presentó suficiente prueba al jurado y *la sentencia debe ser confirmada.*