EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFREDO RODRÍGUEZ, acusado y apelante.

No. 3980.—*Sometido:* Enero 23, 1930. *Resuelto:* Julio 22, 1930.

R. *Díaz Collazo,* abogado del apelante; R. A. *Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Alfredo Rodríguez fué defendido en la corte inferior por abogado y apela de la sentencia que lo condena por delito contra natura cometido en la persona de un niño.

Como primer motivo de su recurso alega que fué

---

* NOTA: Véase el prefacio.

error de la corte el no haberle permitido presentar como prueba en el juicio una certificación médica.

Un perito médico del fiscal reconoció como suya la firma de una certificación y·cuando en el período de la prueba del acusado éste presentó dicha certificación como evidencia suya la corte se negó a admitirla. Esa certificación se refiere a un reconocimiento médico que el que la suscribe hizo al acusado y a su opinión respecto de tal reconocimiento. Esa prueba era claramente inadmisible porque hubiera privado a la parte contraria de su derecho a repreguntar al perito. La mejor evidencia hubiera sido el testimonio oral del médico en el juicio.

El segundo motivo se aduce por haberse negado la corte a transmitir al jurado una instrucción sometida por el acusado con tal fin. La instrucción dice así:

"1. El delito imputado al acusado en este caso es por su naturaleza repulsivo y detestable, pero es una ofensa fácilmente imputable y difícil de impugnar; brinda gran facilidad para una falsa acusación inspirada por sentimientos de venganza y deseo de perjudicar y corrientemente la evidencia depende en gran parte de un cómplice."

El fundamento del apelante es que tal instrucción es correcta porque está basada en las palabras contenidas en una sentencia dictada por la Corte Suprema de California y repetidas en otro caso del mismo tribunal. Los casos a que se hace referencia son los de *People* v. *Moore,* 103 Cal. 508, y de *People* v. *Stouter,* 142 Cal. 146.

Es cierto que en el primero de esos casos se dicen poco más o menos las palabras contenidas en la instrucción rechazada en este caso, pero hay que tener en cuenta que aparecen como opinión particular del Juez McFarland que escribió la opinión de la corte y no como conclusiones de ésta, pues no figuran en la doctrina legal consignada en el sílabo; y también las circunstancias particulares de dicho caso en el que el apelante fué condenado a cuarenta y cinco años de prisión por delito contra natura sin haber tenido abogado en la corte donde se celebró el juicio y, consiguientemente,

sin haber presentado en la corte de apelación la exposición del caso conteniendo las pruebas presentadas ni tampoco pliego de excepciones por lo que la apelación tuvo que descansar necesaria y solamente en el legajo de la sentencia, o sea la acusación, la alegación a ella del acusado, las minutas del juicio, las instrucciones dadas al jurado y la sentencia dictada. Por esto fué que el juez consignó lo que se deja dicho como base para él estudiar el caso, que fué revocado por el defecto de no haber advertido la corte al acusado respecto al momento en que podía recusar a los jurados. En el otro caso la condena fué de catorce años de prisión y se dijo que por ser un delito fácil de imputar y difícil de negar y que los jurados suelen mirar con horror ese delito, la corte debe examinar cuidadosamente lo ocurrido en el juicio y de que la prueba sea suficiente. El fallo fué revocado para nuevo juicio por haber dado cierta instrucción al jurado a las veinte horas de estar deliberando.

Como se ve en ninguno de esos casos se declaró que las palabras a que nos referimos fueran una instrucción propia para ser dada al jurado y sólo expresaban los motivos por los cuales la córte se creía en el deber de examinar con cuidado las apelaciones en esa clase de juicios. No encontramos que en el caso presente la corte cometiera el error que se le atribuye.

■ El tercer y último motivo para la apelación se funda en haberse negado la corte inferior a transmitir al jurado otras instrucciones, fundándose en que en términos generales las había dado; pero el apelante dice que esas instrucciones no están comprendidas en las generales que dió la corte al jurado.

La segunda instrucción solicitada dice así:

"En procedimientos criminales como el que nos ocupa, el peso de la prueba recae sobre el gobierno y a él corresponde establecer, más allá de toda duda razonable, las circunstancias del delito antes de que por el jurado se considere la suficiencia o insuficiencia de la prueba presentada por el acusado en su defensa."

La corte dijo en sus instrucciones al jurado:

"Que la culpabilidad del acusado debe ser probada fuera de duda razonable y que la ley presume inocente al acusado mientras no se pruebe lo contrario";

instrucciones que equivalen a decir que el peso de la prueba recae sobre el gobierno, a quien corresponde establecer fuera de duda razonable las circunstancias del delito antes de que el jurado pueda considerar la suficiencia de la prueba.

La tercera instrucción dice:

"La probabilidad de la inocencia del acusado es una justa causa para una duda razonable de su culpabilidad y por lo tanto para su absolución."

Respecto a esto la corte dijo:

"Que la evidencia debe producir aquella certeza moral que convence y dirige la inteligencia y que satisface la razón;"

palabras en las cuales está comprendida la instrucción solicitada de que la probabilidad de la inocencia del acusado es una justa base para duda razonable, y por tanto para absolución.

La cuarta instrucción pedida dice así:

"Cada uno de los señores que forman el jurado, independientemente de los demás, debe estar satisfecho fuera de toda duda razonable de la culpabilidad del acusado antes de rendir un veredicto en su contra."

Esa instrucción está comprendida en las que el juez dió al jurado al decirle:

"Si ustedes, señores del jurado, analizando y pesando toda esta prueba tuviesen duda, duda razonable, de que este hombre haya cometido ese delito, también es vuestro deber, señores del jurado, declararlo no culpable del delito contra natura, dándole para ello el beneficio entero de esa duda";

pues tales palabras son dirigidas a los señores del jurado, o sea, a cada uno de ellos y les dice que si tuviesen duda razonable de la culpabilidad del acusado no lo condenen.

El apartado quinto de las instrucciones solicitadas dice:

''El acusado solicita se instruya al jurado acerca de las reglas regulando la admisión y la exclusión de evidencia, su carácter, peso, efecto, corroboración e *impeachment*.''

Esta instrucción está tomada de 12 Cyc 659, en donde se dice que el dejar de dar instrucciones sobre estos particulares es error cuando tal instrucción no es pedida especialmente.

La corte inferior instruyó ampliamente al jurado sobre la evidencia, su carácter, peso, efectos e impugnación; y no nos ha demostrado el apelante que los hechos particulares de este caso hicieran necesario instruir al jurado respecto a corroboración o reglas de admisión o exclusión de evidencia.

*No siendo sostenible ninguno de los errores alegados, la sentencia apelada debe ser confirmada.*