El Pueblo de Puerto Rico, demandante y apelado, *v.* Félix González Zamot, acusado y apelante.

No. 4324.—*Sometido:* Marzo 18, 1931. *Resuelto:* Mayo 18, 1931.

*F. M. Susoni* y *F. B. Fornaris,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El ahora apelante fué juzgado por un Jurado en la Corte de Distrito de Arecibo, bajo una acusación cuyo texto es el que sigue:

"El Fiscal formula acusación contra Félix González Zamot, por el delito de Homicidio Involuntario (*felony*), cometido del modo siguiente:

"El referido acusado, Félix González Zamot, el día 19 de marzo de 1930, y en el Km. 58 de la carretera No. 2, que conduce de San Juan a Arecibo, y en Manatí, P. R., que forma parte del distrito judicial de Arecibo, P. R., en ocasión que guiaba, como *chauffeur,* un vehículo de motor (automóvil) ilegal, voluntaria y criminalmente, por no guardar la debida prudencia, circunspección y cuidado, corriendo a velocidad excesiva, sin dar aviso de ninguna clase; y por dejar de tomar todas las precauciones razonables para evitar que un caballo montado que corría por esa misma carretera se asustase, y asimismo por dejar de reducir la velocidad de su automóvil al asustarse el caballo, arrolló con su vehículo a Demetrio Rodríguez (ser humano), quien iba montado en el caballo, ocasionándole varias lesiones en el cuerpo, que fueron la causa de su muerte ilegal, ocurrida allí y entonces, pocos momentos después.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.'

"(Firmado) E. Pérez Casalduc, Fiscal del Distrito."

El acusado solicitó·del juez de derecho instrucciones especiales, que es inevitable copiar aquí. Fueron éstas:

"El acusado respetuosamente solicita de la Honorable Corte trasmita al Jurado las siguientes instrucciones adicionales.

"1.—La Corte instruye a los señores del Jurado como cuestión de derecho que no existe nada en la Ley de carreteras ni en la de automóviles que exija que un automóvil se mantenga bastante a la izquierda al pasar cerca de otro carro o de otro objeto; por el contrario se requiere que un automóvil vaya tan distante como posible fuere a la derecha sin que cause colisión.

"2.—La Corte también instruye a los señores del Jurado como cuestión de derecho que si se demostrara que el acusado dirigía su automóvil por el camino ya conocido de acuerdo con la ley y por algún motivo imprevisto el caballo que montaba el fenecido o de una manera inconsciente se asustó cuando el *chauffeur* acusado estaba a tan corta distancia que ni aun usando el freno de emergencia le hubiera sido posible detener su carro para evitar el accidente, y si en tales condiciones el carro choca con el animal y le ocasiona la muerte a su jinete, ésta debe imputarse solamente al fenecido y el *chauffeur* quedaría exento de responsabilidad.

"3.—Si los señores del Jurado creen que el acusado dió aviso de su aproximación a una distancia razonable, entonces en cuanto a este particular no debe considerársele negligente, ya que precisamente el aviso de su aproximación debe ser dado a distancia razonable y nunca en el instante de pasar cerca o por el lado del caballo y su jinete, pues el aviso en estas condiciones sería demasiado tarde y tendería más bien a producir excitación, terror y pánico en el ánimo del jinete y en las actuaciones del animal.

"4.—Como cuestión de ley la regla que impone a todo conductor o *chauffeur* el deber de mantener suficientemente despacio la velocidad de modo que pueda controlar y detener su carro no tiene aplicación cuando se trata de situaciones de verdadera emergencia en que no hay razón para esperar que súbitamente uno se confronte con ellas.

"Y una persona que se confronta con una situación de peligro que surge repentinamente y en el cual una actuación inmediata es necesaria para evitarlo, no se requiere que ejercite aquella presencia de ánimo y diligencia que justamente se requieren de un hombre cuidadoso y prudente bajo circunstancias ordinarias.

"5.—El grado de negligencia necesario para ser probado en un caso de homicidio, basado en una muerte no intencional por un vehículo de motor, es más que lo que se requiere en un caso civil y antes de declararse convicto el acusado, debe haber prueba de tal falta de cuidado y negligencia a tal extremo que sea incompatible con la debida consideración por la vida de los demás.

"6.—La regla general es que para que la negligencia de una persona que resulte en daño a otra sea criminal, debe necesariamente haber sido imprudente y descuidada o de tal naturaleza que signifique un desconocimiento absoluto de la seguridad de otros y en circunstancias tales que necesariamente causen daño.

"7.—El hecho que un automóvil fuere guiado a más velocidad que la establecida por la Ley, no es prueba concluyente de culpabilidad en un caso de homicidio por falta de cuidado y circunspección.

"8.—Para que el conductor de un automóvil sea criminalmente responsable por negligencia por la muerte de una persona, su falta de cuidado debe ser mucha e implicativa de una absoluta indiferencia a sus consecuencias.

"9.—Si la muerte de una persona, debido a correr en exceso de la velocidad establecida, no es la causa próxima de una colisión, el hecho de violar la Ley en cuanto a la velocidad no hace culpable al acusado.

"10.—La muerte debe ocurrir por el acto ilegal del acusado y no por la intervención de tercera persona o la intervención de una causa en la cual el demandado ni participó ni pudo prever.

"11.—Cuando una persona se confronta con una situación de peligro no se requiere que se ejercite el mismo cuidado que si hubiese tenido tiempo para deliberar y en pleno uso de su facultad de razonar.

"12.—Falta de ejercitar el mejor criterio en un caso de emergencia, no es prueba de negligencia, aunque el error sea de lamentables consecuencias.

"La ley no impone reglas de conducta a una persona que se confronta de momento con una situación crítica, ni que actúe de acuerdo con los dictados del cuidado y la razón, sino por el instinto de propia conservación.

"13.—Si los señores del Jurado creen que el accidente no se debió a la negligencia y descuido del *chauffeur*, el acusado aquí presente, sino que se debió a los actos del caballo que montaba el fenecido que le colocaron en condiciones fatales, en condiciones que no pudo evitar él el accidente, entonces es vuestro deber declarar al acusado inocente.

"El acusado tiene también el beneficio de la duda razonable. Si vosotros aun rindiendo crédito a las declaraciones de los testigos de El Pueblo hay alguna circunstancia que hace vacilar vuestras conciencias ante la consideración de los hechos, es vuestro deber también dar al acusado el beneficio de esa duda razonable y absolverlo."

El juez trasmitió al jurado las que aparecen bajo los números 4 y 10 y denegó las demás por estar comprendidas entre las que había dado él mismo.

Hemos leído las instrucciones que por el juez se dieron al jurado. Puede afirmarse que son completas, y que se ajustan a la ley, y a la interpretación dada por nuestra jurisprudencia.

Cuando se solicitan por una parte instrucciones deter-

minadas, no puede exigirse al juez que las trasmita al jurado en las mismas palabras que la parte emplea. Basta que el juez exponga, en la forma que crea más conveniente, la doctrina jurídica que se invoca, y que interesa que el jurado conozca.

En este caso el juez dió al jurado, como instrucción, los puntos de ley que la defensa necesitaba fueran por el jurado conocidos.

Sólo en cuanto a la primera instrucción tenemos alguna duda. Pero, en realidad, la instrucción, como se formuló por la defensa, no era propia de este caso. En el de *Rivera v. Graham*, 34 D.P.R. 1, como nos recuerda el Fiscal de este Tribunal en su alegato, la cuestión fué diferente; el perjudicado iba en un camión de carga, y sus piernas sobresalían y colgaban por un lado del vehículo; el automóvil en que se originó el daño, pasó, en la misma dirección, y con el tapalodos derecho de la parte de atrás, según el demandante, dió a éste un golpe en las piernas que fueron empujadas hacia atrás, resultando el pie derecho del demandante cogido por la cadena que movía las ruedas del camión. Esto era lo que el demandante alegaba. Y lo que pudo decirse en aquel caso, no debía decirse en otro distinto en sus hechos. En el presente el mal se produjo de otra manera, por velocidad excesiva, falta de aviso, falta de cuidado, y aun por no detener a tiempo, pudiendo hacerlo, la marcha del coche automóvil. La instrucción no era la propia; y hubiera estado bien denegada por esa razón.

No existe el error señalado por la parte apelante en lo que se refiere a las instrucciones al jurado.

Se afirma por el acusado-apelante que el veredicto fué contrario a la prueba y a derecho.

La prueba fué, hasta cierto punto, contradictoria. Para cualquier espíritu no prejuiciado, la prueba de El Pueblo fué la más robusta. Ella impone la creencia de que sólo el descuido grave del acusado, el poco interés en evitar algo

tan serio como la posible muerte de un individuo, a la excesiva velocidad a que conducía su coche, se debió el que muriera trágicamente Demetrio Rodríguez. El jurado resolvió el conflicto en la evidencia a favor de la acusación. Y cuando un jurado resuelve así en cuanto a la evidencia contradictoria, para que pasemos sobre su veredicto, y revoquemos, se nos tiene que presentar un caso muy fuerte. Este no lo es.

*Debe confirmarse la sentencia apelada.*