El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan E. Rodríguez, conocido por Gabriel Rodríguez, acusado y apelante.

Núm. 11616.—*Sometido:* Diciembre 2, 1946. *Resuelto:* Febrero 19, 1947.

*Jorge Díaz Cruz,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo; apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Un jurado declaró al apelante convicto de un delito de violación cometido en la persona de la mujer adulta Ramona Quiñones. Contra la sentencia que se le impuso de un año de presidio radicó este recurso. Señala, como errores: (*a*) que el veredicto es contrario a la prueba; (*b*) que no se admitió evidencia sobre la mala fama de la perjudicada; y (*c*) que no se dió al acusado el beneficio de la sentencia probatoria que concede la Ley núm. 259 de 3 de abril de 1946 (Leyes de 1946, (1) pág. 535).

En apoyo del primer error alega que el acto criminal no fué realizado contra la voluntad de la supuesta perjudicada. Sobre este punto declaró ésta que el 27 de julio de 1943, como a las tres de la tarde, se hallaba sentada en la puerta de su casa en el barrio Algarrobos de Yauco; que llegó allí el acusado ofreciéndole boletos de *boli-pool* y poco después le echó el brazo por el cuello y la besó; que ella se dirigió a la co-

cina llorando y él la siguió; que allí la agarró por un brazo y la llevó al cuarto; que ella ofreció resistencia y no se pudo zafar; que ya en la habitación la "arrinconó sobre una cama", le tapó la boca con la mano y realizó el acto carnal; que cuando terminó, él se marchó y ella quedó llorando; que al llegar su marido le contó lo sucedido y éste le dijo que denunciara al apelante. A preguntas de la defensa contestó que no vió que el apelante llevase armas y que no le hizo ninguna amenaza.

Examinemos la declaración de la supuesta perjudicada a la luz del art. 255 del Código Penal que prescribe:

"Art. 255.—Se comete violación, yaciendo con una mujer que no fuere la propia, en cualquiera de los casos siguientes:

"1. Si la mujer fuere menor de catorce años.

"2. Si por demencia u otro defecto mental, temporal o permanente, estuviere incapacitada para consentir legalmente.

"3. Si estuviere impedida de oponer resistencia a causa de amenazas de grave e inmediato daño corporal, acompañadas de la aparente aptitud para ejecutarlas, o por efecto de cualquier narcótico o anestésico, administrado por el reo, o con conocimiento de éste.

"4. Si opusiere resistencia, pero ésta fuere vencida por fuerza o violencia.

"5. Si al tiempo de cometerse el acto, no tuviere ella conciencia de su naturaleza, y esta circunstancia fuere conocida por el acusado.

"6. Si se sometiere en la creencia de que el acusado era su marido, debido a alguna treta, simulación u ocultación puesta en práctica por el acusado para inducirla en tal creencia".

Conforme prescribe el artículo transcrito, la resistencia por parte de la mujer es un elemento esencial del delito. Si no la hay se entenderá que el acto se ha realizado con su consentimiento. [2] La mera negativa a consentir no es suficiente. La resistencia debe ser real y de tal grado que sólo sea vencida por fuerza o violencia, a menos que la mujer estuviera impedida de oponerla a causa de amenazas de grave e inmediato daño corporal, *acompañadas de la aparente aptitud para ejecutarlos*. *El Pueblo* v. *Román*, 5 D.P.R. 8.

■■ La propia perjudicada declaró, como hemos visto, que no vió que el acusado portara armas y que no la amenazó. Es verdad que declaró que al agarrarla por un brazo trató de soltarse, pero esa actitud por parte de ella ni el hecho de que el acusado la arrinconara sobre una cama y le tapase la boca con una mano, no revelan el grado de resistencia que requiere el inciso 4 del art. 255.

Pero esto no es todo. El esposo de la supuesta ofendida, a preguntas de la defensa, admitió que él, su esposa, el acusado, un hermano de éste y otra persona más, fueron en el mismo automóvil a la oficina del fiscal; que habló con éste y con el juez de distrito para que se archivase la acusación, pero el fiscal no estuvo conforme; que su esposa quería que se desestimase el caso. Esta actitud de la supuesta perjudicada en la cual concurrió el esposo, quien se supone debió estar tan ofendido como debió estarlo ella, no armoniza con la actitud que normalmente asumen la mujer ultrajada y el esposo humillado.

La prueba de descargo en ninguna forma contribuyó a sostener la acusación. Por el contrario, tendió a probar que la supuesta perjudicada frecuentemente visitaba un pequeño anexo de la tienda del acusado donde éste tenía una cama y que luego de penetrar en ella la perjudicada, la puerta y ventana del anexo se cerraban por algún tiempo y más tarde volvían a abrirse.

A nuestro juicio no se probó la resistencia, elemento esencial del delito de violación y por lo tanto, el veredicto del jurado es erróneo. *Procede revocar la sentencia y absolver al acusado.*