EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO BAERGA, acusado y apelante.

Núm. 13946.—*Sometido:* Junio 9, 1949. *Resuelto:* Junio 15, 1949.

*Faustino R. Aponte,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Imputándole haber tenido comercio carnal con Nyrza E. Cintrón contra la voluntad y sin el consentimiento de ésta, el fiscal del distrito de Humacao acusó a Francisco Baerga del delito de violación. Celebrado el juicio correspondiente, el jurado rindió veredicto condenatorio y la corte inferior sentenció al acusado a sufrir de dos a cuatro años de presidio. De la sentencia así dictada apeló éste y alega ahora que la corte inferior erró (1) al aceptar el veredicto y condenarle por el delito de violación, ya que la prueba presentada era claramente insuficiente por no haberse demostrado que él usara de la fuerza y violencia para cometer los hechos, así como (2) al negarse a transmitir al jurado ciertas instrucciones solicitadas por él. Sin embargo, al discutir el primer error el apelante sostiene en síntesis que la declaración de la perjudicada no fué corroborada y que la prueba no demostró que hubiera una verdadera resistencia de parte de ella.

El *Dr. Héctor González* examinó vaginalmente a Nyrza y halló que ésta había sido desflorada, pudiendo haber tenido lugar la desfloración unos dos o tres meses antes. *Nyrza E. Cintrón* testificó que tiene dieciséis años de edad; que estaba en primer año de escuela superior; que conoce a Francisco Baerga, quien vive con una señora llamada Ana Del Moral y tiene dos hijos en ésta, uno de siete años y otra de año y medio; que la casa de ella y la del acusado son contiguas y

que ella voluntariamente acostumbraba visitar la del acusado para entretener y cuidar la niñita que hay allí y a quien quiere mucho; que al atardecer de un día del mes de febrero de 1948, ella fué como de costumbre a la casa del acusado y como a las siete y media se puso a dormir a la nena, llevándosela para el mirador de la casa a acostarla; que la mujer del acusado le dijo que tenía que salir y que poco después de estar ella en el mirador se presentó Baerga, cogió un revólver de una tablilla que allí había, se dirigió al sitio donde estaba ella, la empujó y la obligó a acostarse en la cama; que apagó la luz, le quitó la ropa interior y tuvo contacto carnal con ella; que le dijo que si decía algo o que si no volvía a visitarles la mataba; que no se atrevió decir nada porque temía que fuera a ocurrir algo; que el acusado actuó en forma violenta y que ella no gritó porque se le alteraron los nervios y se quedó inmóvil; que todo eso duró como quince minutos; que como ella se iba a graduar de primer año él le dijo que le iba a regalar los trajes y los zapatos; que como diez días más tarde la esposa del acusado la llamó y ella les visitó y el acusado volvió a tener relaciones carnales con ella.

Carmen Cuadrado y Esperanza Vargas, madre esta última de la perjudicada, manifestaron que el acusado había admitido en la fiscalía de Humacao y en presencia de ellas que él había tenido contacto carnal con Nyrza por medio de la fuerza, pero que se casaría con ella y le pagaría los estudios. El acusado no presentó prueba de clase alguna.

▆▆▆▆ Habiéndose limitado el testimonio del Dr. González al hecho de la desfloración, el mismo no tendió a corroborar en forma alguna el de la perjudicada. *Pueblo* v. *Feliciano,* 53 D.P.R. 423; *Pueblo* v. *Maldonado,* 17 D.P.R. 23, 28. Empero, las declaraciones de Carmen Cuadrado y Esperanza Vargas en relación con las admisiones hechas por el acusado, constituían de por sí suficiente corroboración. *Pueblo* v. *Mázquez,* 64 D.P.R. 371, 379; 44 Am. Jur., págs. 971, 972,

secciones 108 y 109; 60 A.L.R. 1145. Cierto es que dichas declaraciones no tendieron a corroborar a la perjudicada en todos los extremos de su declaración, mas la ley no requiere que la prueba corroborativa establezca todos los elementos del delito. Lo que sí exige es que esa prueba tienda a conectar al acusado con la comisión del delito. *Pueblo* v. *Márquez,* supra; *Pueblo* v. *Santiago,* 36 D.P.R. 639; *Pueblo* v. *Rodríguez,* 22 D.P.R. 104 y *Pueblo* v. *De Jesús,* 18 D.P.R. 591.

En procesos por violación como el presente la mera negativa de la mujer a consentir al acto es claramente insuficiente. La prueba debe demostrar no sólo que el acto se realizó sin su consentimiento, sino que ella estuvo impedida de oponer resistencia a causa de amenazas de grave e inmediato daño corporal, acompañadas de la aparente aptitud para ejecutarlas. *Pueblo* v. *Rodríguez,* 66 D.P.R. 934; *Pueblo* v. *Pimentel,* 68 D.P.R. 633. La perjudicada en este caso era una niña, mientras que el acusado era un hombre fuerte. Si en adición a ello éste tomó un revólver, empujó a la menor, la despojó de su ropa interior y realizó el acto carnal de manera violenta, amenazándola luego de muerte si ella relataba lo ocurrido, los requisitos del estatuto han quedado debidamente cumplidos para que el acto realizado constituya el delito de violación en la forma imputada. No se ha cometido el primer error señalado.

La defensa solicitó de la corte que trasmitiera ciertas instrucciones al jurado. La corte lo hizo así tan sólo en parte y el acusado insiste en que fué un error no trasmitirlas en su totalidad. No hallamos que se cometiera tal error, no sólo porque las instrucciones generales comprendían en parte las instrucciones específicas denegadas, sí que también porque el acusado no anotó excepción a la negativa de la corte a trasmitir estas últimas. Es doctrina establecida desde largo tiempo ha que cuando el acusado no anota excepción en debida forma a las instrucciones dadas al jurado o a la negativa de la corte a trasmitir ciertas instrucciones

solicitadas por el acusado, la sentencia no será revocada, a no ser que se haya cometido un error fundamental por el tribunal a quo. *Pueblo v. Rodríguez Cosme,* ante, pág. 23; *Pueblo v. Lebrón,* 56 D.P.R. 590; *Pueblo v. Mediavilla,* 54 D.P.R. 565; *Pueblo v. Mercado,* 46 D.P.R. 152; *Pueblo v. Rodríguez,* 41 D.P.R. 382. Véanse, además, *Pueblo v. Nieves,* 57 D.P.R. 784; *Pueblo v. Ramírez,* 50 D.P.R. 235; *Pueblo v. Pagán,* 49 D.P.R. 436 y *Pueblo v. González,* 42 D.P.R. 221. No hallamos que se cometiera tal error fundamental en este caso.

*Debe confirmarse la sentencia apelada.*