El Pueblo de Puerto Rico, demandante y apelado, *v.* Irma Fonseca Medina, acusada y apelante.

Núm. 10000.—*Sometido:* Junio 14, 1943. *Resuelto:* Julio 31, 1943.

*F. García Quiñones*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Irma Fonseca Medina fué denunciada como autora de un delito de acometimiento y agresión con circunstancias agravantes, consistiendo la agravante en que la herida fué de carácter grave. Declarada culpable por la Corte de Distrito de San Juan, conociendo del caso en grado de apelación, se dictó sentencia imponiéndole una multa de $50 ó un día de cárcel por cada dólar que deje de pagar. La corte inferior hizo constar que:

"La corte no tiene duda sobre la culpabilidad de la acusada. Hubo la herida que se ve claramente, una herida grave. Lo que alega no fué un caso de defensa propia lo que alega la defensa."

No conforme Irma Fonseca recurrió para ante esta Corte Suprema imputando a la de distrito tres errores como cometidos al declararla culpable apreciando la prueba con pasión, prejuicio y parcialidad, al resolver que la herida inferida era de carácter grave y al decidir que la apelante no actuó en defensa propia.

Hemos examinado la prueba y nada encontramos en ella que sostenga que la corte inferior actuara movida por pasión, prejuicio y parcialidad al apreciarla. Tampoco erró al resolver que la acusada no actuó en defensa propia al herir al agredido con una navaja *gem*. No se cometieron al primer y tercer error señalados. Veamos el segundo. ¿Pudo concluir como concluyó la corte sentenciadora además que la herida inferida era grave, y por tanto que existía la circunstancia agravante imputada?

El récord demuestra que una vez que Torres, el agredido, declaró que la apelante lo había herido, ocurrió lo que sigue:

"P. ¿Qué herida? (Muestra una cicatriz en la cara, en el lado izquierdo.)

"Sr. García Quiñones: Que el señor Juez la vea.

"P. Una herida en la cara, en el lado izquierdo, desde el maxilar en la región temporal hasta el maxilar casi, como de cuatro o cinco pulgadas de longitud."

El texto inglés de la ley sobre acometimiento y agresión, que es el que debe prevalecer por proceder el statuto del Estado de Tejas (*Lange* v. *El Pueblo,* 24 D.P.R. 854), describe la agravante de que se trata así: "7. *When a serious bodily injury is inflicted upon the person assaulted.*" (Artículo 6, inciso 7 de la Ley sobre Acometimiento y Agresión de 1904, que sustituyó al artículo 237 del Código Penal, ed. 1937, pág. 157), o sea: "7. Cuando se infiere grave daño corporal a la persona agredida.". De manera que la traducción castellana que aparece en el Código y que dice "7. Cuando se infiere

*una herida grave* a la persona agredida'' (bastardillas nuestras), no es correcta, pues el concepto de "grave daño corporal" es más amplio que el de "una herida grave".

■ En 5 Corpus Juris 734, se define la frase "grave daño corporal", tomándolo del caso de Tejas, *Bagley* v. *State,* (Tex. Cr. A.) 150 S. W. 773, en la siguiente forma:

"Se ha definido 'grave daño corporal' como aquel que conlleva peligro o que da lugar a aprehensión."

En la nota 16 de la obra y página citadas se hace un resumen de varios casos de Tejas sobre la materia.

■ Una herida de cuatro a cinco pulgadas de longitud en la cara, como la inferida en este caso con una navaja *gem,* que deja una cicatriz que puede observarse meses después, puede calificarse de grave daño corporal siempre que la prueba demuestre que la herida fué una de carácter peligroso y que dió lugar a aprehensión, de acuerdo con la ley y la jurisprudencia citadas.

■ Ahora bien, resolvemos que la mera apreciación que de una cicatriz haga el juez, sin prueba adicional de clase alguna, no es la forma de probar el carácter grave de una herida. No puede sostenerse como concluyente que el aspecto de una cicatriz sea por sí solo suficiente. Una herida cortante, superficial y extensa, puede dejar una cicatriz que por su apariencia haga creer que fué grave cuando en realidad fué leve, mientras que una herida penetrante puede dejar una cicatriz pequeña y sin embargo haber sido grave.

El segundo error fué cometido pero sólo conlleva la modificación de la sentencia en cuanto a la calificación del delito pues la pena impuesta, el mínimum para el acometimiento y agresión grave, es igual al máximum del acometimiento y agresión simple.

*Se modifica la sentencia apelada en el sentido de declarar culpable a la acusada de un delito de acometimiento y agre-*

*sión simple con la misma pena impuesta, y así modificada se confirma.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.