EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN GÓMEZ TORRES, conocido por "MONARCA", acusado y apelante.

Núm. 14866.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 8, 1950.

*Luisa María Capó y Yamil Galib Frangie,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo y Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante y Juan Lugo Hernández[1] fueron acusados

---

[1] Los acusados solicitaron juicio por separado y fueron juzgados por tribunal de derecho habiendo sido Juan Lugo Hernández declarado culpable de acometimiento y agresión grave y sentenciado a pagar $100 de multa.

de un deilto de robo consistente en que voluntaria y maliciosamente sustrajeron de la persona de Rafael Collazo Ortiz, en su inmediata presencia, contra su voluntad y *por medio de la violencia*, la suma de $10 y una pluma de fuente.

El apelante fué declarado culpable de acometimiento y agresión con circunstancias agravantes y sentenciado a seis meses de cárcel; fundamentando este recurso sostiene: (*a*) que el delito de acometimiento y agresión con circunstancias agravantes no está comprendido en el de robo; y (*b*) que de estarlo, procedería la revocación de la sentencia porque en la acusación no se alegó, ni resultó de la prueba, ninguna de las circunstancias que agravan el delito de acometimiento y agresión.

El artículo 238 del Código Penal define el delito de robo en la siguiente forma:

"Entiéndese por robo el acto de apoderarse criminalmente de bienes muebles pertenecientes a otro, ya sustrayéndolos de su persona, ya en su inmediata presencia y contra su voluntad, *por medio de la violencia* o de la intimidación." (Bastardillas nuestras.)

De conformidad con el citado artículo, es requisito esencial del delito de robo que la sustracción se realice por medio de violencia o intimidación. La violencia conlleva el uso de fuerza, es decir, de agresión. Por consiguiente, cuando en la acusación se alega, como en el presente caso, que la sustracción se realizó por la violencia, el delito de acometimiento y agresión en uno de sus dos grados necesariamente está incluído en el de robo. *People* v. *Foss*, 259 P. 123 (Cal., 1927); *People* v. *Allie*, 184 N. W. 423 (Mich., 1921). Y como de la prueba resultó que el acusado agredió a Collazo con los puños, pero no se demostró más allá de duda razonable que existiera sustracción, ni que el acusado al realizar la agresión lo hiciera con intención de sustraer propiedad alguna del agredido, el delito realmente cometido fué el de acometimiento y agresión en alguno de sus dos grados. En tales circunstancias, era deber de la corte con arreglo al ar

tículo 286 del Código de Enjuiciamiento Criminal, (²) declarar al acusado culpable del delito menor comprendido en el imputado en la acusación. Pero el apelante sostiene, como hemos visto, que no procede la sentencia por acometimiento y agresión grave, porque la circunstancia agravante no se alegó ni resultó de la prueba.

En *Pueblo* v. *Fonseca*, 62 D.P.R. 433, dijimos que la frase *"serious bodily injury"* que aparece en la versión inglesa del inciso 7, artículo 6 de la Ley sobre Acometimiento y Agresión, no fué correctamente traducida en la versión española y que su traducción debe ser la de "grave daño corporal"; ·y siguiendo jurisprudencia de Tejas de donde procede dicha ley, dejamos establecido en el mismo caso el concepto de la frase "grave daño corporal" en el sentido de que la lesión recibida deba ser peligrosa y dar lugar a aprensión. Por el mero hecho de que el agredido estuviera semiinconsciente durante media hora y sangrara por un oído, el Juez sentenciador no podía tomar conocimiento judicial de que se le había inferido grave daño corporal para concluir entonces más allá de duda razonable, que el acusado era culpable de acometimiento y agresión grave. No sucede en el presente caso, como en el de *Pueblo* v. *Malavé*, 64 D.P.R., 659, donde la naturaleza de la lesión recibida—la fractura del cráneo—reveló por sí sola que se había causado al agredido grave daño corporal.

Procede, por lo expuesto, reducir la calificación del delito a acometimiento y agresión simple y rebajar la sentencia a $50 de multa y las costas, y en defecto de pago, a cumplir un día de cárcel por cada dólar de multa que deje de pagar. *Así modificada se confirma.*

---

(²) El artículo 286 del Código de Enjuiciamiento Criminal, en lo pertinente, prescribe:

"El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo."