EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO TOSADO CORDERO, acusado y apelante.

Número 10788.

*Sometido:* 2 de junio de 1953.  *Resuelto:* 12 de noviembre de 1954.

*Santos P. Amadeo* y *Rafael Pérez Marchand,* abogados del apelante; *Hon. Secretario de Justicia Interino Juan B. Fernández Badillo* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Fiscal del Tribunal de Distrito de Puerto Rico, Sección de San Juan, radicó una acusación de asesinato en primer grado contra don Francisco Tosado Cordero. Después de la lectura de la acusación, el acusado y apelante alegó ser inocente del delito que se le imputaba y solicitió juicio por jurado. Durante la vista del caso, el abogado del acusado y apelante renunció a que el caso se viera ante un jurado y solicitó que el caso se viera ante un tribunal de derecho. Después de ser declarado culpable y sentenciado, el acusado y apelante solicitó del Tribunal de Distrito de Puerto Rico, Sección de San Juan, que procediera a anular la sentencia dictada en contra del acusado y apelante, porque dicho tribunal al permitirle al abogado del acusado y apelante que renunciara al juicio por jurado solicitado por dicho acusado y apelante, había perdido su jurisdicción para juzgar al acusado y apelante, ya que la renuncia del derecho a ser juzgado por un jurado tiene que hacerla el acusado personalmente y cual-

quiera renuncia del derecho a ser juzgado por un jurado hecha por su abogado defensor, y no por el acusado personalmente, no se considera válida. El Tribunal de Distrito de Puerto Rico, se negó a anular la sentencia y el acusado ha apelado ante nosotros de su resolución.

En el caso de *Pueblo* v. *Figueroa*, ante pág. 188, resolvimos que la renuncia del derecho a ser juzgado por un jurado, hecha por el abogado defensor del acusado, es válida, no es contraria a las disposiciones de nuestra Constitución y resulta permisible dentro de nuestro estatuto de enjuiciamiento criminal. Tampoco resultaría contraria a las disposiciones de la Carta Orgánica de Puerto Rico del 1917.

Nada hay en este caso que no se encuentre específicamente resuelto en nuestra anterior decisión sobre el particular.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Negrón Fernández disintió.