EL PUEBLO DE PUERTO RICO, acusador y apelado, *v.* TEÓFILO RIVERA, acusado y apelante.

*Número:* CR-62-272      *Resuelto:* 26 de noviembre de 1963

*E. L. Belén Trujillo,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

En su apelación ante nos, el acusado aduce como error no haber el ilustrado Juez sentenciador instruido al jurado sobre las cuestiones de derecho propuestas por la prueba de la

defensa, ni sobre los elementos de los delitos inferiores comprendidos dentro del delito del cual se le acusara, ni sobre los veredictos que podían rendirse de acuerdo con la prueba de la acusación y la prueba de la defensa.

El conflicto irreconciliable que presentan ambas pruebas, podría sintetizarse de la siguiente manera: La prueba de la acusación trata de establecer que a los perjudicados se les sustrajo ciertas cantidades de dinero que tenían sobre sus personas, empleando la violencia (agresión) y la intimidación y la prueba de la defensa trata de establecer que los perjudicados perdieron dicho dinero jugando a las "chapitas" con el acusado y otras personas no incluidas en este recurso. En cuanto a la prueba de la defensa, es bueno dejar consignado que no se trata de esa prueba inconexa, suelta, accidental en que algunas veces pretende apoyarse la teoría de la prueba de la defensa, sino de una prueba bien organizada, consistente, con un razonable grado de probabilidad, en la cual, declara el Fiscal que hizo la investigación del caso, que posteriormente, uno de los perjudicados había acudido a su oficina a rectificar su declaración anterior e informarle que el dinero lo habían perdido jugando a las "chapitas". Después, durante la vista del caso, el perjudicado declara, a preguntas del nuevo Fiscal que presenta la prueba, que él había ido a la oficina del Fiscal que hizo la investigación a rectificar su declaración, para complacer al abogado de la defensa, hecho desmentido categóricamente por dicho togado.

Siendo esto así, el ilustrado Juez sentenciador ha debido incluir en sus instrucciones, además de los elementos correspondientes al delito de robo, los correspondientes al delito de hurto, en la modalidad aceptada ya por nuestra jurisprudencia de hurto por engaño (*larceny by trick*) pues sabido es que el factor aleatorio de tal juego está intervenido por un manejo manual ilícito: *Pueblo* v. *Santiago*, 78 D.P.R. 69, (Marrero) (1955), cita precisa a la pág. 75; *Pueblo* v. *Ríos*, 69 D.P.R. 830 (Todd, hijo) (1949), cita precisa a las págs. 835–837.

Por la variabilidad de circunstancias exculpatorias que puede contener el delito de robo, cuando la prueba de la substracción es confusa, la mejor práctica es dar instrucciones además sobre el delito de acometimiento y agresión, en sus dos grados, de acuerdo con la violencia empleada y sus resultados: *Pueblo v. Gómez*, 71 D.P.R. 816 (De Jesús) (1950), cita precisa a las págs. 818–819. *No haber dado dichas instrucciones constituyó un error sustancial que nos obliga a revocar las sentencias dictadas en los casos criminal G-62-17 y criminal G-62-14 del Tribunal Superior de Puerto Rico, Sala de Bayamón, con fecha 3 de mayo de 1962 y ordenar la celebración de nuevos juicios.*