EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICO-
LÁS MARTÍNEZ SANTIAGO, acusado y apelante.

*Número:* CR-64-243     *Resuelto:* 11 de marzo de 1965

*Víctor Tirado Saltares,* abogado del apelante; *J. B. Fernández
Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Pro-
curador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como
Presidente de Sala y los Jueces Asociados Señores Rigau y
Dávila.

PER CURIAM: El apelante, de 43 años de edad, fue decla-
rado culpable por un jurado del delito de robo, 33 L.P.R.A.
sec. 851.

La prueba ·de cargo demostró que el apelante penetró en
horas de la noche en la habitación del perjudicado, de 66 años
de edad, y luego de propinarle una paliza con un palo le robó
$33.00 que el perjudicado había cobrado ese día. El perju-
dicado trabajaba como guardián en una obra en construcción

y el apelante trabajaba también en dicha obra. El día de los hechos fue día de pago. A los gritos del perjudicado acudió gente al lugar, ya que éste radica en la zona urbana de Hato Rey. Unos apresaron al agresor, cuando salió corriendo del edificio en donde ocurrieron los hechos, y otros auxiliaron al perjudicado, quien sangraba profusamente y quien fue hospitalizado.

La prueba de la defensa consistió en una versión no creída por el jurado consistente en que el apelante no estuvo en ningún momento en la habitación del perjudicado; que esa noche él había ido a visitar a su esposa; y que él pasó corriendo en esos momentos por allí porque le venía huyendo a un conductor de taxi que lo había agredido porque él (el apelante) no le había pagado completo un pasaje.

■ Señala cuatro errores. Los primeros dos se refieren a que el tribunal sentenciador cometió error perjudicial al dar instrucciones sobre coartada. Si bien puede decirse que el juez dio instrucciones sobre coartada sin ser éstas indispensables, también es cierto que el juez repetidas veces instruyó en el sentido de que el jurado debía absolver al acusado en cualquiera de las siguientes dos alternativas: (1) si se había probado la defensa de coartada (en el sentido de que el acusado no pudo estar en el cuarto del perjudicado por haber estado en otro lugar); (2) en caso de que tuviesen duda razonable de que el acusado hubiese entrado en dicho cuarto o duda razonable de que el acusado hubiese sido el autor del crimen. (T.E. págs. 98 y ss.) Tomadas en conjunto, las instrucciones del juez fueron justas y no perjudicaron al acusado. El veredicto del jurado está justificado por la prueba.

■ En el tercer error se alega que el juez intervino indebidamente en el proceso. Hemos leído toda la transcripción de evidencia y somos de opinión que el error señalado carece de mérito. Es casi imposible que un juez que preside una vista en la cual se está practicando prueba y en la cual declaran siete testigos, permanezca callado durante todo el proceso. Las

intervenciones del juez fueron normales y no perjudiciales al acusado.

■ Tampoco tiene mérito el cuarto y último error. Consiste éste en alegar que el tribunal no dio instrucciones sobre el delito de hurto menor. La defensa no solicitó instrucciones especiales al terminar el magistrado de dar sus instrucciones y al éste preguntar si había instrucciones especiales que solicitar. (T.E. pág. 100.) No puede ahora, en apelación, alegar como error la omisión de tales instrucciones. *Pueblo* v. *del Valle*, 91 D.P.R. 174 (1964); *Pueblo* v. *Pinto Medina*, 90 D.P.R. 585 (1964); *Pueblo* v. *Rodríguez Correa*, 88 D.P.R. 653 (1963).

*Se confirmará la sentencia apelada.*