EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTIAGO TORRES RODRÍGUEZ, acusado y apelante.

*Número:* CR-65-485 *Resuelto:* 2 de noviembre de 1966

*William Morales Torres,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por un jurado de asesinato en segundo grado, consistente en que en 18 de abril de 1964, en Ponce, hizo varios disparos con un revólver a Luz Divina Heredia Centeno, conocida por Luz María Heredia, causándole la muerte. El jurado también le halló culpable de ataque para cometer homicidio perpetrado en el mismo momento y sitio y con la misma arma, contra Iván Rodríguez Morales, conocido por Flor Arroyo Rodríguez. Además le halló culpable de una infracción al Art. 8 de la Ley de Armas. El Tribunal sentenciador le declaró culpable de una infracción al Art. 6 de dicha ley.

Sostiene en apelación que el Tribunal sentenciador erró (1) "al denegar la solicitud de la defensa sobre instrucciones al jurado en relación con la defensa del hogar del acusado y de su esposa" y (2) "al no dar instrucciones al jurado sobre el derecho constitucional que tiene todo acusado de no declarar."

Los errores no fueron cometidos. La prueba de cargo fue, en síntesis, al efecto de que el día 18 de abril de 1964, por la tarde, Iván Rodríguez Morales sostuvo una discusión de palabras con la esposa del acusado, Sra. Inés Maldonado, en la calle Ferrán de Ponce; que durante la discusión un vecino

salió en busca del acusado para informarle lo que estaba ocurriendo; que habiéndose ya retirado la esposa del acusado, llegó éste y sin mediar palabras le disparó a Iván con un revólver hiriéndole; que la esposa del agredido, Sra. Luz Divina Heredia intercedió, bien tratando de aguantar la mano al acusado o sujetando su esposo por detrás; que el acusado hizo disparos a Luz Divina hiriéndola mortalmente; que ni la occisa ni su esposo tenían armas en su mano. El Fiscal presentó también una declaración jurada del acusado prestada voluntariamente y luego se le advirtió de sus derechos, entre ellos, el de estar asistido de abogado. En esa declaración dice el acusado que estando en su negocio alguien le informó que su esposa estaba siendo golpeada. Cuando llegó vio a Iván Rodríguez tirando piedras a su casa (al del acusado); que al verlo Rodríguez se viró hacia él y comenzó a tirarle piedras. El acusado portaba un revólver sin inscribir que guardaba descargado detrás de una vellonera; cargó el revólver antes de salir de su establecimiento. Le disparó a Iván Rodríguez una vez y entonces la occisa, esposa de Iván Rodríguez, lo atacó con un cuchillo de partir pan. Él se retiró. Como a ocho o diez pies de distancia le disparó tres veces a Luz Divina, una vez al pecho y dos al piso. Después se entregó voluntariamente. Más tarde su esposa le mostró la impresión de un golpe recibido en su espalda.

La prueba de defensa, resumida en los aspectos que más favorecen la teoría del acusado, fue al efecto de que el día de los hechos, la esposa del acusado se encontraba tomando café en la acera frente a la casa de doña Pascuala; que pasó en esos momentos Iván Rodríguez y sin mediar palabras acometió con los puños a la esposa del acusado; que ésta le dio a Iván con una pierna, se retiró y se encerró en su casa; que entonces Iván comenzó a tirar piedras hacia la casa, una de las cuales entró por una ventana y cayó junto a la cama de una niña; que por una ventana la esposa del acusado le entregó un niño a una vecina para que le diera refugio; que

mientras Iván Rodríguez lanzaba las piedras llegó allí el acusado; percatado de su presencia Iván se viró hacia él y comenzó a lanzarle piedras; que el acusado le hizo entonces un disparo de revólver a Iván; que entonces la occisa, esposa de Iván, salió corriendo hacia el acusado y lo atacó con un cuchillo de partir pan; el acusado le disparó pero no la hirió; ésta siguió atacando y el acusado volvió a dispararle hiriéndola.

■ El apelante solicitó instrucciones sobre la defensa propia y la defensa de morada. El juez se negó a trasmitir esta última y al así actuar no cometió error. La teoría de defensa fue claramente la de la defensa propia. Cuando el acusado llegó cerca de su hogar, Iván Rodríguez, según la versión de la prueba de descargo, dejó de lanzar piedras al hogar del acusado y comenzó a lanzarlas contra éste. Luego de ocurrir este ataque contra él fue que el acusado le disparó a Iván. Es decir, el acusado le disparó a Iván, al verse atacado por éste. No le disparó para defender su hogar. En cuanto a los disparos hechos contra la esposa de Iván, es claro que los hizo el acusado, según su versión, para defender su persona contra la amenaza de agresión de la occisa. De todos modos, los hechos presentados por la defensa no dan margen a la aplicación de la doctrina que justifica el uso de fuerza suficiente y hasta llegar a la muerte, para defender la morada. Véanse Wharton's *Criminal Law*, Vol. 1, Sec. 220; Wharton's *Criminal Law & Procedure*, Vol. 1, Secs. 220 y siguientes.

Para sostener la comisión del segundo error, arguye el apelante que el tribunal debió dar instrucciones sobre la prohibición de comentar el silencio del acusado o de tomarlo en su contra. El Juez trasmitió las siguientes instrucciones:

"Hon. Juez:

. . . En los casos criminales la ley presume que el acusado es inocente, hasta tanto se le pruebe lo contrario, de modo satisfactorio y por evidencia competente. Esta presunción de inocencia

acompaña al acusado durante el juicio y el Jurado debe tenerla presente también al deliberar.

Por un precepto expreso de la ley, el acusado puede o no declarar, según él así lo desee. En este caso el acusado no ha declarado.

Se ofreció por el Ministerio Público una declaración del propio acusado, de los hechos ocurridos. Dicha declaración debe también considerarse como la de cualquier otro testigo, teniendo, desde luego, en cuenta el interés que todo acusado tiene en su propio caso." (Informe del Procurador General, pág. 10.)

 El apelante no objetó la suficiencia de estas instrucciones y ello sería bastante para desestimar el error. *Pueblo v. Del Valle*, 91 D.P.R. 174 (1964). Además durante el juicio no surgió situación alguna que hiciera necesaria la trasmisión de una instrucción sobre el efecto legal del silencio del acusado.

*No habiéndose cometido los errores señalados se confirmarán las sentencias apeladas.*