EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARLOS L. RIVERA GUZMÁN, acusado y apelante.

Número: CR-69-40     Resuelto: 27 de febrero de 1970

*Héctor M. Martínez Colón* y *Jorge A. Velaro Grau,* abogados del apelante; *Gilberto Gierbolini, Procurador General,* y *Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto de guiar bajo los efectos de bebidas embriagantes. La prueba de cargo consistió en los testimonios de los policías Benito Orlando y Pascual Cordero, quienes detuvieron al apelante al notar que guiaba dando zig-zags en la carretera. El primero declaró que el apelante conducía dando zig-zags, que al ser detenido éste no pudo sacar su cartera del bolsillo y que hubo que ayudarlo a salir del vehículo. El segundo declaró que el apelante expedía un fuerte olor a licor, que tuvo que ayudarlo a bajar del vehículo, que se tambaleaba y que no pudo conseguir la licencia de conducir. El apelante declaró en el juicio que se había tomado tres o cuatro cervezas.

La posición del apelante es que el testimonio de Orlando no estableció el delito, y que habiendo el fiscal renunciado al testimonio de Cordero, por entender que era

prueba acumulativa, constituyó error que el tribunal, *motu proprio*, con la objeción del apelante, llamara a declarar a Cordero.

■ No tiene razón el apelante. La jurisprudencia y los tratadistas son casi unánimes en cuanto a que los tribunales tienen facultad inherente para, a instancia propia, llamar testigos en adición a los que las partes opten por presentar, para que declaren en un juicio. La función de los tribunales es hacer justicia y para hacerla necesitan conocer lo más posible la verdad de los hechos. Los acusados no tienen un interés creado en la ignorancia de los hechos del juez. Véase *United States* v. *Ramos*, 291 F.Supp. 71, 74 (1968); *People* v. *Shelton*, 57 N.E.2d 473 (1944); *Young* v. *United States*, 107 F.2d 490 (1939); Anno.: "*Calling Witness by Courts*," 67 A.L.R.2d 538; 2 Wharton, *Criminal Evidence*, 12ma. ed., pág. 717; 9 Wigmore, *On Evidence*, 3ra. ed., Sec. 2484; McCormick, *Handbook of the Law of Evidence* (1954) pág. 14: Nota: *Judge's Duty to Call Witnesses*, 58 Yale L.J. 183. Dicha facultad es más patente en un caso como el de autos en que se trata de uno de los testigos denunciantes, que ya está ante y bajo las reglas del tribunal.

*Se confirmará la sentencia dictada en 26 de enero de 1968, por el Tribunal Superior, Sala de Ponce, en este caso.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Santana Becerra concurre en el resultado sin opinión.