EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS PACHECO BAQUERO y VÍCTOR CORREA DÍAZ, acusados y apelantes.

*Número:* CR-71-156 *Resuelto:* 9 de diciembre de 1974

*Enrique Miranda Merced,* abogado de los apelantes; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Los apelantes fueron acusados y convictos de asesinato en primer grado por la muerte de un hombre que fue encontrado agonizante a causa de golpes fatales en el cráneo.

En apelación señalan dos errores. El primero, en el sentido de que las instrucciones impartidas al jurado sobre los elementos del delito de asesinato fueron confusas. En el segundo se impugna la suficiencia de la prueba.

En cuanto al primer señalamiento, las instrucciones impartidas al jurado fueron las que usualmente se dan en estos casos y las cuales ya han sido sostenidas por este Tribunal. Tomadas en conjunto, son suficientes. En cuanto al segundo error, hemos examinado detenidamente la transcripción de evidencia y encontramos que hay base en ella para sostener el veredicto del jurado. No tenemos motivo para intervenir con la determinación del juzgador de los hechos.

Deseamos señalar lo siguiente, por la utilidad que debe tener para una mejor administración de la justicia. En este caso fue necesario leer y releer la transcripción de evidencia debido a que la misma es, a trozos, incoherente y desorganizada. En muchas ocasiones las contestaciones de los testigos no eran responsivas, a veces eran irrelevantes, y no fueron guiados en forma tal que surgieran en forma natural y clara los hechos. Abogados, jueces y fiscales tienen el deber de ver que el interrogatorio oral de los testigos, tanto en los casos civiles como criminales, se conduzca de tal forma que los hechos relevantes salgan a la luz lo más clara y ordenadamente posible de manera que, en su día, los tribunales de apelación puedan for-

marse una idea fiel a la realidad de lo ocurrido. También para el juez o jurado que ve el caso esto es necesario.

 Repetidas veces hemos dicho que los jueces pueden hacer preguntas para aclarar la prueba. *Pueblo* v. *Vázquez Colón*, 87 D.P.R. 734, 736 (1963); *Pueblo* v. *Martínez Santiago*, 91 D.P.R. 879, 880 (1965); *Pueblo* v. *Rivera Guzmán*, 98 D.P.R. 691, 692 (1970); *Pueblo* v. *Pabón*, 102 D.P.R. 436 (1974). Hemos descartado la vieja norma—basada en la premisa errónea y ya superada de la teoría deportiva del juicio— de que las intervenciones razonables del juez son perjudiciales al acusado. En *Pueblo* v. *Vázquez Colón*, supra, dijimos a la pág. 736:

"Como los jueces no son testigos oculares de los hechos que juzgan, sino que la información que les llega es necesariamente de segunda mano, ellos pueden hacer preguntas para aclarar los hechos. ¿Cómo podrían esperarse sentencias justas si se les veda a los jueces del Tribunal de Primera Instancia la manera de resolver dudas mediante la formulación de preguntas?"

En *Pueblo* v. *Rivera Guzmán*, supra, expresamos a la pág. 692:

"La función de los tribunales es hacer justicia y para hacerla necesitan conocer lo más posible la verdad de los hechos. Los acusados no tienen un interés creado en la ignorancia [que] de los hechos [tiene el] juez."

En *Pueblo* v. *Pabón*, supra, a la pág. 440, volvimos a insistir y dijimos:

"El juez no es el simple árbitro de un torneo medieval entre la defensa y el Ministerio Público o el retraído moderador de un debate. El juez es partícipe y actor principal en el esclarecimiento de la verdad y en la determinación de lo que es justo. El juez puede y debe ser en casos vistos con o sin jurado . . . participante activo en la búsqueda de la justicia, siempre que no vulnere la imparcialidad que su alto oficio reclama. Puede el juzgador en consecuencia requerir la declaración de determinados testigos o interrogar a los que las partes ofrezcan, siempre que su conducta se mantenga dentro de las normas de sobriedad

y equilibrio que impiden que el juez sustituya, en vez de que complemente, la labor del fiscal o del defensor. Nada impide que un juez, *para aclarar un testimonio o una situación, o consciente de que no se han formulado algunas preguntas centrales* para la determinación de lo sucedido verdaderamente en un caso, se tome la iniciativa a dicho efecto." (Bastardillas nuestras.)

En vista de lo anterior, *se confirmarán las sentencias apeladas.*